UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JENNIFER D. ANDERSON,

Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant.

CASE NO. C26-5597 BHS

ORDER

THIS MATTER is before the Court on the parties' joint LCR 37 submission, Dkt. 9. Anderson suffered injuries in a July 2021 auto accident. She resolved her claims against the at-fault driver, and in June 2025, made a UIM claim against her own insurer, Allstate.

Allstate contends that it determined on August 7, 2025, that Anderson had been fully compensated for her injuries, and it denied her UIM claim on that date. Dkt. 9 at 7. Anderson contends that Allstate continued to investigate and negotiate her claim after that date, and that it interviewed her about her claim on November 25, 2025. Anderson

sued Allstate in May 2026, asserting breach of contract and various "bad faith" tort claims based on Allstate's handling and ultimate denial of her UIM claim. Dkt. 1-2.

Anderson seeks from Allstate her "claim file" through the date she filed suit, May 5, 2026. She contends that she is entitled to discover the actions and inactions Allstate took in investigating, adjusting and handling her claim. Dkt. 9 at 3 (citing *Shaterian v. Mapfre Ins. Co. et al*, No. 2:24-cv-01509-TL (W.D. Wash. June 5, 2025)).

Allstate contends that on August 7, 2025, it concluded its investigation and issued its evaluation on Anderson's UIM claim, and that it anticipated litigation in the wake of its denial. It contends both attorney client privilege (a matter of state law) and the work product doctrine (a matter of federal law) to protect its subsequent communications and mental impressions after that date. It emphasizes that under Washington law, the insurer "steps into the shoes of the tortfeasor" and "may defend as the tortfeasor would defend" the insured's UIM claim. Dkt. 9 at 6 (citing *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 697 (2013)). Thus, it contends, in the UIM context the insurer is entitled to counsel's advice in strategizing the same defenses the tortfeasor could have asserted. *Id.*

Allstate accurately asserts that in *Shaterian*, Judge Lin expressly recognized that the presumption of discoverability into the insurer's claims handling process does not apply in the UIM context. Dkt. 9 at 6. It contends that once the claims evaluation process ended on August 7, it anticipated litigation and stepped into the tortfeasor's shoes.

Anderson does not directly address the UIM exception to the more general rule she cites, and Allstate does not directly address its November 25 interview of her. Allstate does explain that on September 3, Anderson called its initial denial the result of a

"shoddy" investigation and suggested that it interview her before she sued. It argues that at that point, the parties were adversarial, and it anticipated litigation.

The Court agrees. Allstate shall produce Anderson's "claim file" through **September 3, 2025**, ending with its receipt of Anderson's attorney's letter. The Court concludes that from that point forward, Allstate had stepped into the tortfeasor's shoes and its communications and mental impressions are protected notwithstanding its status as Anderson's insurer.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge